IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHER GRAY,[1] | § | |
| | § | No. 361, 2024 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File Nos. 23-07-05TN |
| DEPARTMENT OF SERVICES | § | CN22-02951 |
| FOR CHILDREN, YOUTH AND | § | |
| THEIR FAMILIES, | § | Petition Nos. 23-15947 |
| | § | 22-10925 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: April 30, 2025
Decided: May 22, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the appellee's response, the Children's Attorney's response, and the Family Court record, it appears to the Court that:

(1) The appellant, Cher Gray ("Mother"), is the mother of three children, born in April 2015, July 2017, and March 2019, respectively (the "Children"). In

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

March 2022, the Delaware Department of Services for Children, Youth and Their Families ("DSCYF") opened a case for the Children after receiving multiple phone calls reporting that Mother and the Children were living in squalid conditions, the Children were not receiving necessary medical care, and Mother was not properly supervising the Children. After a safety plan put in place by DSCYF collapsed in May 2022, the Family Court awarded emergency custody of the Children to DSCYF. Between June 2022 and August 2023, the Family Court held the mandated hearings.[2] In July 2023, DSCYF moved to terminate Mother's parental rights based on her failure to plan for the Children's physical needs or mental and emotional health and development.

(2)    Following a two-day evidentiary hearing held in July 2024,[3] the Family Court issued a written decision terminating Mother's parental rights in the Children.[4] The Family Court found that DSCYF had proved, by clear and convincing evidence, that the termination of Mother's parental rights was appropriate based on her failure to plan adequately for the Children's physical needs or mental and emotional health

---

[2] When a child is removed from his home by DSCYF and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules. 13 *Del. C.* § 2514; Del. Fam. Ct. Civ. Proc. R. 212-219.

[3] In October 2023, the termination-of-parental-rights proceedings were paused to give Mother more time to work on her case plan. The Family Court lifted the stay in January 2024. Review hearings continued to be held at regular intervals.

[4] The Family Court also terminated the parental rights of the Children's father. He is not a party to this appeal.

and development.[5]  The Family Court also found, by clear and convincing evidence, that the Children had been in DSCYF custody for 780 days—well over one year[6]— and that Mother had a history of neglecting the Children.[7]  Last, the Family Court examined the best-interests factors set out in 13 *Del. C.* § 722 and found, by clear and convincing evidence, that termination of Mother's parental rights was in the Children's best interest.  Mother appeals.

(3)    On appeal, Mother's counsel has filed an opening brief and a motion to withdraw under Rule 26.1(c).  Counsel asserts that he has conducted a conscientious review of the record and the relevant law and has determined that Mother's appeal is wholly without merit.  Counsel informed Mother of the provisions of Rule 26.1(c), provided her with a copy of counsel's motion to withdraw and the accompanying brief, and advised her that she could submit in writing any additional points that she wished for the Court to consider.  Mother has not provided any points for the Court's consideration.  DSCYF and the Children's Attorney have responded to counsel's Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(4)    Having carefully reviewed the parties' positions and the record on appeal, we find that the Family Court's factual findings are supported by the record, and we can discern no error in the court's application of the law to the facts.  We

---

[5] 13 *Del. C.* § 1103(a)(5).
[6] *Id.* § 1103(a)(5)(a).
[7] *Id.* § 1103(a)(5)(d).

therefore conclude that Mother's appeal is wholly without merit and devoid of any arguably appealable issues. We are satisfied that Mother's counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

4